# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRYSTAL M. CAMPANILE** | **CIVIL ACTION** |
| **VERSUS** | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | **NO. 10-716-JJB-CN** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 19, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CRYSTAL M. CAMPANILE** | **CIVIL ACTION** |
| **VERSUS** | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | **NO. 10-716-JJB-CN** |

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Crystal M. Campanile seeks judicial review of a final decision of the Commissioner of Social Security that denied her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Title II and XVI, respectively of the Social Security Act.[1] In making that final decision, the Administrative Law Judge reached the fifth step of the five-step sequential disability analysis set forth in 20 C.F.R. § 416.920(b)-(f).[2]

**FACTS AND PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on March 22, 2007, alleging an onset of disability of January 1, 2008, due to bipolar disorder, anxiety disorder, depression, and insomnia. (Tr. 11-12, 42, 101-102, 105-107, 122, 126.) The applications were denied initially and upon reconsideration, and a request for hearing was timely filed. A hearing was held before an Administration Law Judge (ALJ) on November 21, 2008. (Tr. 9-35.) Plaintiff appeared and testified at the hearing, as well as Mr. Corbin, a vocational expert. Plaintiff was represented by counsel. At the time of the hearing, plaintiff was 26 years of age with

---

[1] 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). See, 42 U.S.C. § 405(g).

[2] Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994); Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

a high school education and past relevant work as a telephone operator, customer representative, cashier, receptionist, and child care worker. (Tr. 12-13, 51.) On March 25, 2009, the ALJ issued an unfavorable decision (Tr. 42-52.) The ALJ found: a) that plaintiff had not engaged in substantial gainful activity since her January 1, 2008 onset date (Tr. 44, Finding 2); b) that plaintiff's bipolar disorder and avoidant personality disorder were severe impairments (Tr. 45, Finding 3); c) that plaintiff's impairments, either alone or in combination, failed to meet or equal a listed impairment (Tr. 467, Finding 4); d) that plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with non-exertional limitations of only simple, 1-2-3 step job instructions; no interaction with the general public; and only occasional interaction with co-workers (Tr. 48-49, Finding 6); and e) that based on plaintiff's RFC and the testimony of Mr. Corbin, the VE, she could not perform any of her past relevant work, however she was capable of performing other jobs existing in significant numbers in the national economy (Tr. 5-51, Findings 6 & 10). Consequently, the ALJ found that plaintiff was not disabled. On August 20, 2010, the Appeals Council concluded that there was no basis for review and the ALJ's decision became the final decision of the Commissioner.

## **ANALYSIS**

In reviewing the ALJ's decision to deny disability insurance benefits, the Court is limited to a determination of whether the decision was supported by substantial evidence existing in the record as a whole and whether the ALJ applied the proper legal standards.[3] In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision exists, but the

---

[3] Boyd v. Apfel, 239 F.3d 698 (5th Cir. 2001).

Court may not reweigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for the ALJ's even if the evidence preponderates against the ALJ's decision.[4] Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion.[5] A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position.[6]

The overall burden of proving disability under the Social Security Act rests upon the claimant.[7] Only if the claimant proves that she no longer is able to work in her past relevant work, then and only then does the burden shift to the ALJ to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity.[8] In the case at bar, the ALJ found that plaintiff could not perform her past relevant work, therefore the burden shifted to the ALJ at the fifth step of the five-step analysis, to determine if there were jobs in the national economy which plaintiff could perform.[9]

---

[4] Id.

[5] Id.

[6] Id.

[7] Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991); Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983).

[8] Rivers v. Schweiker, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982).

[9] Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988) (The Secretary can meet its burden to show the existence of employment by pointing to testimony of the vocational expert at the hearing ), citing Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).

**ARGUMENT**

In her memorandum in support of her appeal, plaintiff adopts the summarization of the evidence which was submitted to the Appeals Council in support of her request for review of the ALJ's decision. (Tr. 185-187.) She states that rather than focusing on whether the ALJ's decision is supported by substantial evidence, she will be addressing whether the ALJ applied the correct legal standards. Plaintiff asserts the following issues:

1. The ALJ did not comply with 20 C.F.R. § 404-1535; she did not apply the correct legal criteria in adjudication of the claim; and

2. The vocational testimony does not carry the Commissioner's burden of proof, because the ALJ committed legal error by asking the VE to assume restrictions which were based on what the ALJ speculated to be the claimant's *optimal* capacity, rather than advising the VE of the claimant's actual functioning.

Section 404.1535 of the Code of Federal Procedure sets forth how a claimant's drug addiction and/or alcoholism are dealt with in disability cases and provides in part:[10]

(a) *General.* If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.

(b) *Process we will follow when we have medical evidence of your drug addiction or alcoholism.* (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contribution factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

(2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

---

[10] See also, 20 C.F.R. §416.935.

(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

Defendant Commissioner asserts that because the ALJ did not find plaintiff disabled, the regulatory requirements were never at issue. But that is not plaintiff's argument. Plaintiff argues that the ALJ did not comply with the regulations in that the ALJ inserted plaintiff's alcoholism and drug usage into her analysis of whether plaintiff's impairments rendered her disabled.[11]

A review of the record indicates that the ALJ, in making her determination of whether or not plaintiff's impairments met or equaled a listed impairment, injected the fact that plaintiff "has a history of substance abuse" (Tr. 48.)

The ALJ again injects plaintiff's drug and alcohol abuse in her analysis of plaintiff's RFC determination.

> The record herein indicates that it was only just over one year before the hearing that she was admitted and was positive for several illegal drugs and drugs for which she did not have a prescription. (Tr. 49.)
>
> The ALJ, later in her discussion relative to plaintiff's RFC, states:
>
> Her attorney argued that she has mental illness sufficient to meet Listing 12.04,C 2 or 3. This is simply not shown in the medical evidence. As noted above, what is shown is that she has a serious substance abuse problem. If she remains clean and sober, and takes the medications she is prescribed, she can do those jobs shown below." (Tr. 50.)

Further, the ALJ continues,

> What the undersigned takes from this is that the claimant is a poly-substance abuser, which appears to have driven her to attempt suicide in September 2007 by taking Topamax (at least that is what she said). What does appear is that she is capable of work when taking the medications she was taking when seen by Dr. Tuton in July 2007. (Tr. 50.)

---

[11] Plaintiff's Memorandum, p.5.

While there may be sufficient evidence in the record to support the ALJ's finding that plaintiff is not disabled, the Court must also determine if the ALJ applied the proper legal standards in making that decision. No deference is afforded the Commissioner's legal determinations; review of legal issues is de novo.[12] A mere reading of the decision, as indicated above, shows that the ALJ did not exclude the presence of plaintiff's drug and alcohol abuse before making her determination of plaintiff's disability status.

As plaintiff points out, she bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability.[13] However, the plaintiff's burden only arises after the ALJ determines whether the claimant is disabled (without disregarding the assumed effects of drug addiction or alcoholism.)[14]

The U.S. District Court in the Western District of Texas considered this issue and held that "the ALJ failed to properly make a disability determination of a plaintiff's claim for benefits based on Attention Deficient Hyperactivity Disorder (ADHD) where the ALJ focused on allegations of alcoholism and drug addiction unsubstantiated by the medical evidence of record and failed to first make a determination on the claimed impairments **absent** the substance abuse." Oettinger v. Barnhart, 2002 WL 31422308 (W.D. Tex. 2002) (Emphasis Supplied.) Here, Defendant Commissioner admits that there is "little medical evidence after plaintiff's alleged onset date showing any type of impairment, and none mentioning any substance abuse,"[15] but also argues that since the ALJ did not find plaintiff

---

[12] Harris v. Apfel, 209 F.3d 413, 418 (5th Cir. 2000).

[13] Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999).

[14] Smith v. Astrue, 2008 WL 2325637, *2 (5th Cir. 2008).

[15] Defendant's Memorandum in Opposition, p. 5.

disabled, the question of alcohol and/or drug abuse were never at issue. Defendant Commissioner cannot have it both ways.

Further, the Court in Oettinger explained:

> However, the regulations expressly require that a prima facie finding of disability be made by the ALJ *prior* to considering the DAA issue. In other words, DAA becomes an issue in a social security claim for benefits only after the ALJ finds the claimant disabled. The regulations in that regard provide: "*If we find that you are disabled* and have *medical evidence* of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.[16]

The Court then held:

> ...the ALJ's materiality determination under DAA regulations was improper. By inserting plaintiff's supposed alcoholism and/or drug usage into her analysis of whether plaintiff's other impairments rendered him disabled, without first making a determination on plaintiff's claimed impairments, the ALJ's sequential evaluation process concerning the plaintiff's entitlement to disability benefits became flawed.[17]

As in the Oettinger case, the ALJ here, inserted plaintiff's alcoholism and/or drug usage into her analysis of whether plaintiff's impairments rendered her disabled without first making a determination on plaintiff's claimed impairment, as shown above.

Therefore, the Court finds that the ALJ did not apply the correct legal criteria in adjudication of the claim. She rejected the claim on the basis of substance abuse without a finding of disability in violation of 20 C.F.R. Sections 404.1535 and 416.935.

---

[16] Oettinger, at *5.

[17] Id. at *7.

**RECOMMENDATION**

It is recommended that the ALJ's decision be reversed and that this matter be remanded pursuant to sentence four of the Social Security Act, 20 U.S.C. 405(g) for a new hearing with directions to the ALJ to reconsider the issues in accordance with the regulations set forth in 20 C.F.R. Sections 404.1535 and 416.935.

Signed in chambers in Baton Rouge, Louisiana, March 19, 2012.

                                      **MAGISTRATE JUDGE CHRISTINE NOLAND**